### SCHMULBACH v. CALDWELL et al.

(Circuit Court of Appeals, Fourth Circuit. May 5, 1914.)

No. 1216.

CONTRACTS (§ 322*)—BUILDING CONTRACT—LIABILITY OF CONTRACTOR FOR DELAYS—WAIVER.

Findings of a master, approved by the District Court, that delays in the completion of a building beyond the time fixed by the contract were due to causes for which the contractors were not liable, and that a requirement of the contract that the contractors should procure certificates from the architect to excuse delays had been waived by the conduct of the owner, *held* sustained by the evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Suit in equity by George W. Caldwell and Lester Drake, partners as Caldwell & Drake, against Henry Schmulbach. Decree for complainants, and defendant appeals. Affirmed.

For prior opinion, see 196 Fed. 16, 115 C. C. A. 650.

Nelson C. Hubbard, of Wheeling, W. Va. (Alfred Caldwell and S. M. Noyes, both of Wheeling, W. Va., on the brief), for appellant.

John A. Howard and John J. Coniff, both of Wheeling, W. Va. (James W. Ewing, of Wheeling, W. Va., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is the second time that this case has been here on appeal. At the February term, 1912, this court disposed of the questions involved in the first appeal. 196 Fed. 16, 115 C. C. A. 650. The District Court had held in that instance that,

there being delays caused by both parties, the court would not attempt to apportion the causes of delays, denied the owners claim for liquidated damages, and adopted the rule announced by this court in the case of Jefferson Hotel Co. v. Brumbaugh, 168 Fed. 867, 94 C. C. A. 279. The court reversed that part of the decree, and refrained from passing upon the other questions raised on the owner's claim for liquidated damages and the contractors' claim to be relieved from damages for which they were not responsible.

The case was remanded for further proceedings upon the questions raised upon the owner's claim for liquidated damages for delay in completing the building constructed for him by the contractors. Whereupon the District Court referred the cause to a special master to state an account between the plaintiffs and defendant, showing the number of days' delay, the cause of delay, the number of days' delay for which the contractors were responsible, the number of days' delay for which the owner was responsible, the number of days' delay due to bad weather, and the number of days' delay for which for any reason it would be inequitable to charge the contractors, and other pertinent matters.

The master found that the whole number of days' delay was 583; that there was no waiver of the contract for damages for delay until November 20, 1906, at which time the owner took possession of part of the building and installed his first tenant, that from and after that the owner waived the contract requiring damages for delay, that it would be inequitable to charge the contractors with damages for delay after March 15, 1907, at which time the building was fully occupied by the owner's tenants, and that the provision of the contract requiring certificates for delays, claimed by the contractors to be delays for which they were not responsible, was waived by the defendant; and, stating the account in accordance with said findings, the special master, after carefully reviewing the evidence, found that all of the delays were due to the owner himself or his independent contractors, for parts of the building not included in the general contract, except 29 days, which he found to be chargeable to the appellees. The District Court approved the findings of the special master and entered a decree, modifying the former decree accordingly, to the entry of which decree appellant excepted, and the case now comes here on appeal.

The owner claims that there were 583 days' delay. However, 259 of which time it is alleged there was a delay occurred after the owner had installed his first tenant in the building. During these 259 days the contractors had a few men at work from time to time, and it appears that the principal work they did consisted in placing hardware fixtures. That the delay of the contractors in this respect was due to the failure on the part of the owner to promptly provide material is clearly established. Therefore the court below was correct in holding that, inasmuch as the owner had taken possession of the building and commenced to collect rentals from tenants, such conduct on his part constituted a waiver of the contract for damages for delays.

The special master found that the requirements of the contract for certificates for delays for which it is contended by the owner that the

contractors are responsible was waived soon after the work was commenced. This court, in the opinion to which we have referred, in referring to the requirements of the contract for certificates for extras, among other things, said:

"In regard to other changes he [the master] has found that each alteration was necessary—in many of them it would have been impracticable for the architects to have given a written order. It is evident that neither of the parties were adhering strictly to all the terms of the contract in respect to these items of extra work. There is ample ground upon which to base the conclusion that in regard to them there was, by course of conduct, a waiver of the terms of the contract."

Reasoning by analogy, it necessarily follows that the provision of the contract requiring certificates for delays could be waived by the conduct of the owner. The evidence as to this point fully sustains the findings of the master, wherein he gives a fair and impartial review of the evidence, showing very clearly that this requirement was not exacted or insisted upon by the owner. It would be unreasonable to hold that the provision of the contract as respects certificates for extras could be waived, while at the same time the owner could not by his conduct waive the requirements as to delays not chargeable to the contractor.

It is insisted by counsel that the court below, in its order of reference, misinterpreted the opinion of this court; that under the opinion of this court the contractors were to be charged with 583 days, except where it could be shown that certificates had been given the contractors. The master, in pursuance of the order of reference, among other things, found that the contractors were to be charged with 583 days, except where it could be shown that the owner by his conduct waived the requirements as to certificates. When the case was first before this court, the record showed that no certificates had been granted on account of delays; therefore, if the contention of counsel for appellant as to the scope of the opinion of this court be correct, there would have been nothing to refer to the master. The court in referring to this point said:

"If the plaintiffs have taken certificates from the architects and owner showing that the days for which they are entitled to credit are such days as fall within either of the excepted classes, the measure of the plaintiffs' liability is a simple matter of calculation. If they have not done so, other and more difficult questions will be presented. The burden is on the plaintiffs to show the number of excepted days for which they are entitled to credit. As we have said in regard to the completion of the work and the charges for extras, it was competent for the parties to contract that certificates of the conditions entitling the plaintiffs to credit shall be given. It is also true that, notwithstanding this provision, the plaintiffs may show that either by mutual consent, or by conduct showing an intention to waive the certificates, or by conduct on the part of the defendant rendering it inequitable to demand strict compliance with the provisions of the contract, they are not required to produce the certificates. 30 Am. & Eng. Ency. 1259. We forbear discussing the evidence relating to the causes of the delay, or the conduct of the parties in respect to it."

The opinion by Judge Connor is full and comprehensive, and anticipates every point sought to be raised on this appeal. Such being the case, we do not deem it necessary to again enter into a discussion of

the matters disposed of by the court at that time. A careful examination of the order of reference, together with the special master's report, show that the proceedings in the District Court were in accordance with the rule as announced by this court.

For the reasons stated, the decree of the lower court is affirmed.

Affirmed.